UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE BETRAND, :
    Plaintiff :
:
  v. : CIVIL NO. 4:CV-07-859
:
: (Judge McClure)
DEPARTMENT OF CORRECTIONS, :
ET AL. :
    Defendants :
:

**MEMORANDUM**

March 18, 2008

**Background**

This *pro se* civil action "pursuant to 42 U.S.C. § 1983, 42 Pa. C.S.A. § 6600, the First, Eighth, and Fourteenth Amendments" was filed in the Schuylkill County Court of Common Pleas by George Betrand, an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania ("SCI-Frackville"). *See* Record document no. 1, Complaint, ¶ 1. The matter was subsequently removed to this Court by Defendant Pennsylvania Department of Corrections ("DOC"); Prison Health Services, Inc. ("PHS").

In addition to PHS, also named as Defendants are four (4) SCI-Frackville

employees, Superintendent Robert Shannon, Health Care Administrator Barbara Malewski,[1] Assistant to the Superintendent B.L. Tritt, and Nurse Donna Jones (hereinafter the Corrections Defendants).[2]

Betrand states that he is a diabetic who requires daily injections of insulin. Shortly after being transferred to SCI-Frackville, Plaintiff asserts that he visited the prison's medical department on August 16, 2005 for the purpose of receiving an insulin injection.  He was informed by an unidentified nurse that the injection would be administered in the waiting room/lobby of the medical department. Betrand asked that the injection be given in private so the procedure could not be viewed by other prisoners and members of the correctional staff.  Plaintiff's request was denied by the attending nurse. *See id.* at  ¶ 16.

After receiving his injection, Betrand contends that he was approached by inmates in the prison exercise yard and dining hall who have allegedly ostracized him based on a fear that he has HIV or Hepatitis C.  On November 1, 2005, Betrand submitted an inmate request slip to Defendants Malewski and Jones which asked that his diabetes treatment be given "in a more sanitary and private

---

[1] Plaintiff alleges that Malewski is a PHS employee. However, she has identified herself as being a DOC employee.

[2] PHS has filed a separate motion to dismiss.

area."[3]  *Id*. at ¶ 22.   According to the Complaint, Nurse Jones responded to the submission by stating that the injection procedure and area in which it was given were appropriate.

On or about November 13, 2005, Betrand avers that he filed an administrative grievance contending that the injection procedure violated his right to privacy and that prison medical staff were improperly discussing his medical condition in the presence of non-medical staff.  In a November 21, 2005 response, Defendant Tritt allegedly stated that due to the size of SCI-Frackville, the daily insulin injections had to be given under those conditions.  *See id.* At ¶ 25.  Plaintiff filed an appeal with Superintendent Defendant Shannon.  The Superintendent purportedly concurred with Tritt's response, and likewise concluded that Betrand's rights were not being violated.  A subsequent administrative appeal to the DOC's Central Office went unanswered.  *See id.* at ¶ 30.

Plaintiff states that while his appeal to Superintendent Shannon was pending he submitted another request slip to Nurse Jones.  On or about November 29, 2005, Health Care Administrator Malewski responded to the request on behalf

---

[3] The Complaint provides no factual assertions regarding the claim that the lobby of the medical department was unsanitary.

of Jones.  Malewski stated that "she had observed the insulin line and she did not see any violations." *Id*. at ¶ 28.  Plaintiff further contends that despite his repeated objections he continues to be forced to receive his life sustaining treatment in the lobby of the medical department." *Id*. at ¶ 18.  Betrand concludes that the Defendants have violated his right to privacy, caused damage to his reputation, inflicted emotional distress, and engaged in both negligent conduct as well as unsanitary treatment.  His Complaint seeks compensatory, punitive and nominal damages as well as declaratory and injunctive relief.

Presently pending is the Corrections Defendants' motion to dismiss the Complaint for failure to state a claim upon which relief may be granted.  *See* Record document no. 9.  The motion has been briefed and is ripe for consideration.

**Discussion**

The Corrections Defendants argue that they are entitled to an entry of dismissal on the grounds that (1) the administration of insulin shots to the Plaintiff in the infirmary lobby did not violate his right to privacy; (2) the non-medical Corrections Defendants have immunity with respect to the state law claim of

negligence; and (3) there is no alleged personal involvement by the supervisory Corrections Defendants in the alleged constitutional misconduct.

### A.     Standard of Review

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  "[W]hen a complaint adequately states a claim, it may not be dismissed on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955. 1969 (2007).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief*." Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  Additionally, a court must "accept as true the factual allegations in the

5

complaint and all reasonable inferences that can be drawn from them." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990); *Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that *pro se* complaints should be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Personal Involvement

The Corrections Defendants argue that the Complaint fails to allege that they were personally involved in the administration of insulin shots to the Plaintiff. *See* Record document no. 10, ¶ 3. They note that there is no clear indication in the Complaint that Defendant Jones was the nurse who gave Plaintiff his insulin injection in the lobby of the SCI-Frackville medical department.

A plaintiff, in order to state an actionable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Federal civil rights claims brought under § 1983 cannot be premised on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.

The Complaint alleges that Defendant Jones denied Plaintiff administrative relief on the grounds that the infirmary lobby was an appropriate place to administer insulin shots. It is similarly alleged that the remaining Corrections Defendants likewise denied administrative relief when he claimed that the administration of his insulin injections violated his privacy rights.

Under the standards developed in *Capone*, any attempt by Plaintiff to establish liability against the Corrections Defendants based solely upon their

supervisory positions is insufficient for purposes of alleging personal involvement in constitutional misconduct. Dismissal with respect to any such claims is appropriate. However, the present Complaint clearly asserts that the Corrections Defendants had personal involvement in the denial of Betrand's requests for administrative relief. Those assertions are not suitable for dismissal for lack of personal involvement.[4]

### C. Failure to State a Claim

The Corrections Defendants' remaining argument for dismissal asserts that the administration of insulin shots to Betrand in the infirmary lobby did not violate his right to privacy. They add that the "Plaintiff had no reasonable expectation of privacy with respect to where he is to receive insulin shots as part of his medical treatment." Record document no. 10, p. 4.

It is initially noted that "some amount of sharing of medical information in areas where it might be overheard by other patients--e.g., in hospital emergency rooms, school infirmaries, and the waiting room of a doctor's office is -- commonplace." *Braxton v. Webster*, 2007 WL 3091555 *2 (S.D. Ind. Oct. 19, 2007). Furthermore, "[p]risoners cannot enjoy greater privacy protection than

---

[4] The Corrections Defendants do not adequately address the issue of whether the failure to grant administrative relief is a proper basis for relief under § 1983.

individuals in free society." *Franklin v. McCaughtry*, 110 Fed. Appx. 715, 719 (7th Cir. 2004)(citation omitted).

In a case involving a prisoner who was inflicted with HIV, the United States Court of Appeals for the Third Circuit recognized that inmates have the "right to privacy in their medical information." *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001). The Court of Appeals added that if an institutional policy or custom exists which results in dissemination of information identifying an inmate as suffering from HIV, it should be scrutinized under the standards announced in *Turner v. Safley*, 482 U.S. 78, 89 (1987) in order to make a proper determination as to whether said policy/custom was constitutionally acceptable. *See Doe v. Delie*, 257 F.3d at 317.

Betrand, a *pro se* litigant, alleges facts which may be construed as alleging that his privacy rights were violated as the result of an institutional policy or custom which provided that daily insulin shots would be given to prisoners in the lobby/waiting room of the SCI-Frackville Medical Department. *See* Record document no. 1, Complaint, ¶ 23. Plaintiff asserts that as a result of said practice fellow prisoners made the erroneous assumption that he suffers from HIV or Hepatitis C.

Based upon a review of the record of this matter to date, it is unclear as to

9

whether there was such a policy or custom in place at SCI-Frackville during the relevant time period of this action.  Pursuant to *Doe v. Delie*, if a policy or custom was initiated, or otherwise implemented by any of the Corrections Defendants and provided for the release of confidential information identifying the condition of an HIV infected inmate, it would be subject to review under *Turner*.

This Court recognizes that the *Braxton* decision stated that *Doe v. Delie* and similar decisions addressed  "extreme situations ... which involved the purposeful dissemination of intensely private medical information."  *Id*. at \*3.  The Court is also aware that *Doe v. Magnusson*, 2005 WL 758454 \*6  (D. Me.  March 21, 2005), held that "the constitutional right to non-disclosure appears to be limited to HIV, AIDS, mental health, matters of an embarrassing or humiliating nature, or matters in which the person had a legitimate expectation of confidentiality."  Moreover, the disclosure that an inmate was being treated for diabetes  did "not fall within this realm."  *Id*.

The alleged policy or custom at issue herein simply permitted the giving of insulin injections to inmates in the lobby of a prison infirmary.   This Court agrees with the observation of  *Doe v. Magnusson* that the release of medical information concerning diabetes does not fall within the same realm of concern as HIV, Hepatitis or mental health problems.

It is also apparent to this Court that the alleged custom or policy challenged herein involved at most a semi-public dissemination of a diabetes condition.

10

Nonetheless, in light of the Third Circuit Court of Appeals ruling in *Doe v. Delie*, which is binding on this Court, the more prudent approach is to first determine if such a policy did in fact exist and if so, to then analyze it under *Turner*. Plaintiff's claim of denial of his right to privacy will be allowed to proceed.

**D.     Immunity**

Federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

The two non-medical Corrections Defendants (Shannon and Tritt) claim entitlement to sovereign immunity under Pennsylvania state law with respect to Betrand's pendent state law negligence claims. Specifically, those two Corrections Defendants argue that as employees of the Commonwealth of Pennsylvania, they are entitled to sovereign immunity with respect to Plaintiff's negligence claims because the Pennsylvania state legislature has not specifically waived immunity with respect to the type of negligence alleged in the Complaint.

42 Pa. C.S.A. § 8522(b) sets forth a list of instances for which the Commonwealth of Pennsylvania has waived sovereign immunity. Pennsylvania's Commonwealth Court has recognized that a negligent failure to protect a prisoner from abuse or assault is not one of the instances enumerated under § 8522(b). *See Steinberg v. Department of Public Welfare*, 405 A.2d 1135 (Pa. Cmwlth. 1979). It has also been held that intentional torts such as assault and battery are also not

included within the exceptions enumerated in § 8522(b). *See LaFrankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992).

Corrections Defendants Shannon and Tritt are clearly non-medical Defendants. Therefore, based upon the *Steinberg* rationale, they are entitled to sovereign immunity with respect to Plaintiff's state law tort negligence claims.

The two remaining Corrections Defendants, Health Care Administrator Malewski and Nurse Jones are clearly health care professionals and therefore not entitled to sovereign immunity under Pennsylvania state law.[5] An appropriate Order will enter.

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

---

[5] A decision as to whether this Court will exercise pendent jurisdiction over Plaintiff's surviving state law negligence claims against Corrections Defendants Jones and Malewski will be held in abeyance.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE BETRAND, | : | |
|     Plaintiff | : | |
| | : | CIVIL NO. 4:CV-07-859 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| DEPARTMENT OF CORRECTIONS, | : | |
| ET AL., | : | |
|     Defendants | : | |
| | : | |

## **ORDER**

March 18, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Corrections Defendants' motion to dismiss (Record document no. 9) is GRANTED IN PART.

2. Any claim asserted against the Corrections Defendants solely premised on the basis of their respective supervisory capacities is dismissed.

3. The state law negligence claims against Defendants Shannon and Tritt are dismissed.

4. The Complaint against the Corrections Defendants will proceed with respect to any claim that they were responsible for the implementation of a policy or custom which violated Plaintiff's right to privacy.

5. A decision as to whether this Court will exercise pendent jurisdiction over Plaintiff's surviving state law negligence claims against Corrections Defendants Jones and Malewski will be held in abeyance.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge