UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE BETRAND, :
      Plaintiff :
       :
   v. : CIVIL NO. 4:CV-07-859
       :
       : (Judge McClure)
DEPARTMENT OF CORRECTIONS, :
ET AL. :
      Defendants :
       :

# MEMORANDUM

March 20, 2008

**Background**

George Betrand, an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania ("SCI-Frackville"), initiated this *pro se* civil action "pursuant to 42 U.S.C. § 1983, 42 Pa. C.S.A. § 6600, the First, Eighth, and Fourteenth Amendments" in the Schuylkill County Court of Common Pleas. *See* Record document no. 1, Complaint, ¶ 1.

Following removal of the complaint to this Court, Defendant Prison Health Services, Inc. ("PHS") filed a motion seeking dismissal of the complaint. *See* Record document no. 3. Although Plaintiff responded to a subsequently submitted unrelated motion to dismiss, he has not filed a response to PHS's motion to

dismiss.[1]  For the reasons outlined below, the unopposed motion will be granted.

In his Complaint, Plaintiff states that he is a diabetic who requires daily injections of insulin.  Betrand alleges that on August 16, 2005 he went to the SCI-Frackville medical department for an insulin injection.  An unidentified nurse told Plaintiff that the injection would be administered in the waiting room of the medical department where the procedure could be viewed by other prisoners and members of the correctional staff.  Plaintiff's request that "his treatment be given in private was denied by the attending nurse."  *Id*. at  ¶ 16.  After being treated, Betrand contends that he was approached by two inmates who inquired if he was HIV positive.  Thereafter, other inmates have purportedly ostracized him based on a fear that he has HIV or Hepatitis C.

Betrand submitted an inmate request slip to Defendants Malewski and Jones on November 1, 2005.  His request asked that his diabetes treatment be given "in a more sanitary and private area."[2]  *Id*. at ¶ 22.  Nurse Jones allegedly

---

[1] By Memorandum and Order dated March 18, 2008, this Court partially granted a motion to dismiss by Defendants Pennsylvania Department of Corrections ("DOC")and four (4) SCI-Frackville employees, Superintendent Robert Shannon, Health Care Administrator Barbara Malewski, Assistant to the Superintendent B.L. Tritt and Nurse Donna Jones.

[2] The Complaint provides no factual assertions regarding the claim that the
(continued...)

responded that the injection procedure and area in which it was given were appropriate.

On or about November 13, 2005, Betrand states that he filed an administrative grievance contending that the injection procedure violated his right to privacy and that prison medical staff were improperly discussing his medical condition in the presence of non-medical staff.  Defendant Tritt answered the grievance on November 21, 2005 stating that due to size considerations the treatment had to be given under those conditions.   An appeal was filed with Superintendent Defendant Shannon, who responded that the Plaintiff's rights were not being violated.  According to the Complaint, a subsequent appeal to the DOC's Central Office went unanswered.

Plaintiff states that while his appeal was pending before Superintendent Shannon he submitted another request slip to Nurse Jones.  Health Care Administrator Malewski responded to the request on or about November 29, 2005 by "stating that she had observed the insulin line and she did not see any violations." *Id*. at ¶ 28.  The Complaint concludes despite his repeated objections, Plaintiff continues to be forced to receive his life sustaining treatment in the lobby

---

[2](...continued)
lobby of the medical department was unsanitary.

of the medical department." *Id*. at ¶ 18.  As relief for the alleged violation of his right to privacy, damage to his reputation, infliction of emotional distress, negligent conduct,  and unsanitary treatment, Betrand seeks compensatory, punitive and nominal damages as well as declaratory and injunctive relief.

**Discussion**

PHS describes itself as being a private corporation which provides health care service to SCI-Frackville inmates on a contractual basis.  The moving Defendant argues that it is entitled to an entry of dismissal on the grounds that there is no assertion that: (1) any policy or practice of PHS caused injury to the Plaintiff; (2) any PHS employee caused injury to Betrand or violated his privacy rights; (3) any PHS employee disclosed Plaintiff's confidential medical information.  In addition, PHS asserts that a viable state law negligence claim has not been set forth in the Complaint.

    **A.**    **Standard of Review**

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added

that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  "[W]hen a complaint adequately states a claim, it may not be dismissed on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955. 1969 (2007).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990); *Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  This Court will now discuss Defendant PHS' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B.     Emotional Injury

Betrand is apparently seeking in part to recover compensatory damages for emotional injury which he suffered as a result of the Defendant PHS' alleged constitutional misconduct.  There are no physical injuries described or alleged in the Complaint.

42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  In *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages.  However, the Court added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

Under the standards announced in Allah and Section 1997e(e), Betrand's federal civil rights claims which assert violation of his constitutional rights can proceed only to the extent that they seek compensatory damages for non-emotional injuries.  *See Ostrander v. Horn*, 145 F. Supp. 2d 614, 618 (M.D. Pa.

2001).

## C.     Personal Involvement

PHS maintains that the Complaint contains no indication that the nurse who gave Plaintiff his insulin injection in the lobby of the SCI-Frackville medical department was an employee of PHS.  On the contrary, the moving Defendant states that the DOC "employed all of the nurses at SCI-Frackville" and there is no discernible claim that any PHS employee violated Betrand's privacy rights. Record document no. 4, p. 3.

A plaintiff, in order to state an actionable civil rights claim under  § 1983, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of  law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Federal civil rights claims brought under § 1983 cannot be premised on a theory of *respondeat superior*.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's

allegations, to have been personally involved in the events or occurrences which underlie a claim.  *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976).  As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.

The only factual assertions regarding PHS which are set forth in the Complaint are the listing of PHS as a Defendant, and general assertions that it provides health care services and medical staff at SCI-Frackville,[3] employs Defendant Malewski and failed to implement a policy to protect the confidentiality of his medical condition.

It appears that Betrand may be attempting to establish liability against PHS on the basis that it is the employer of Health Care Administrator Malewski and

---

[3] However, the Complaint acknowledges that Nurse Jones is a DOC employee. *See* Record document no. 1, Complaint, ¶ 13.

other unidentified medical staff.[4]  Under the standards developed in *Capone*, such an assertion is insufficient for purposes of alleging personal involvement in constitutional misconduct.

However, it has been recognized that a prisoner has a "right to privacy in his medical information." *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001).  Since liberal treatment must be afforded to *pro se* litigants, there are facts alleged which arguably could establish that the purported violation of Betrand's privacy rights resulted from the implementation of a PHS policy or custom which provided that daily insulin shots would be given to prisoners in the lobby/waiting room of the SCI-Frackville Medical Department.  Assuming *arguendo* that such a PHS policy or custom existed, an analysis of that custom or policy under the standards announced in *Turner v. Safley*, 482 U.S. 78, 89 (1987) is required to determine if it was within acceptable constitutional parameters.  *See Doe*, 257 F.3d at 317.

Therefore, it must first be clearly determined whether PHS enacted a policy or custom which required that daily insulin injections be given in the lobby of the SCI-Frackville Medical Department.  If such a PHS policy or custom existed , it must than be analyzed under *Turner* in order to make a determination as to

---

[4] Plaintiff alleges that Malewski is a PHS employee.  However, she has identified herself as being a DOC employee and joined in the motion to dismiss filed by the Corrections defendants.

whether it violated Plaintiff's privacy rights. In light of those unresolved questions, the Complaint to the extent that it claims that PHS had a policy or custom or otherwise acquiesced in any improper dissemination of the Plaintiff's private medical information is sufficient enough to withstand scrutiny under Rule 12(b)(6).[5]

### D.   State law claim

PHS also asserts that Plaintiff has not set forth a viable state law claim of negligence. 28 U.S.C. § 1367(c)(3) (1997) provides that a district court may decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it has original jurisdiction. Once the basis for federal jurisdiction disappears, a district court should only exercise its discretion to entertain pendent claims if extraordinary circumstances exist. New Jersey Department of Enviromental Protection v. Glouchester Enviromental Management, 719 F. Supp. 325, 337 (D. N.J. 1989).

As noted above, there are clearly unresolved issues related to whether PHS violated plaintiff's privacy rights by having a custom or policy which allowed the dispensing of insulin shots in the lobby of the SCI-Frackville Medical Department. In light of those outstanding issues, a decision as to whether this Court should

---

[5] This Court agrees with PHS' contention that Plaintiff's assertion that certain SCI-Frackville inmates made uninformed assumptions regarding his medical condition undermines any claim that the prisoners received accurate information from prison medical staff as to the nature of Betrand's medical condition.

exercise jurisdiction over the state law tort claim against PHS will be held in abeyance pending resolution of all other dispositive motions.  An appropriate Order will enter.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE BETRAND,                                  :

|  |  |
|---|---|
| Plaintiff : | |
| : | CIVIL NO. 4:CV-07-859 |
| : | |
| v. : | (Judge McClure) |
| : | |
| DEPARTMENT OF CORRECTIONS, ET AL., : | |
| Defendants : | |
| : | |

## **ORDER**

March 20, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

    1.    Defendant Prison Health Services, Inc.'s motion to dismiss (Record document no. 3) is GRANTED IN PART.

    2.    The Complaint to the extent that it seeks compensatory damages for emotional injury is dismissed.

    3.    Any claim against Prison Health Services, Inc. solely premised on the basis that it employed Health Care Administrator Malewski or other members of the prison medical staff is dismissed.

    4.    The Complaint against Prison Health Services will proceed with respect to the claim that said Defendant

>   implemented a policy or custom which violated Plaintiff's right to privacy.

5. A decision as to whether this Court will exercise pendent jurisdiction over Plaintiff's state law negligence claim will be held in abeyance.

          s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge