IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE BETRAND, :
:
Plaintiff, :
: No. 4:CV-07-0859
v. :
: (Judge McClure)
DEPARTMENT OF :
CORRECTIONS, et al., :
:
Defendants. :

**MEMORANDUM**

October 6, 2009

**I. Introduction**

This pro se civil rights action under 42 U.S.C. § 1983, Pa. C.S.A. § 6600, and the First, Eighth, and Fourteenth Amendments to the United States Constitution was initiated by plaintiff George Betrand in the Court of Common Pleas of Schuylkill County. On May 11, 2007, the action was removed to this Court. Plaintiff Betrand has named as defendants the Commonwealth of Pennsylvania Department of Corrections ("DOC"); Prison Health Services, Inc. ("PHS"), a corporation that provides medical services to the DOC; Robert Shannon, Superintendent at State Correctional Institution at Frackville ("SCI Frackville"); and three other DOC employees: Health Care Administrator Barbara G. Malewski, Assistant to the Superintendent B.L. Tritt, and Nurse Donna Jones.

## II. Procedural History

In his complaint, Betrand asserts that the above-named defendants violated his rights due to the manner in which his insulin shots for Type II Diabetes were administered at SCI Frackville. (Rec. Doc. No. 6 at 16-18).

After the matter was removed to federal court, defendant PHS filed a motion to dismiss on May 23, 2007. (Rec. Doc. No. 3). On June 14, 2007, PHS filed a brief in support of its motion to dismiss. (Rec. Doc. No. 4). The DOC, Shannon, Malewski, Tritt, and Jones ("Corrections Defendants") filed a demand for a trial by jury and a motion to dismiss accompanied by a brief in support thereof on July 10, 2007. (Rec. Doc. Nos. 8-10). Plaintiff Betrand responded in opposition to the Corrections Defendants' motion to dismiss. (Rec. Doc. Nos. 12-13). However, Betrand did not respond to PHS's motion to dismiss. (Rec. Doc. No. 15 at 1-2).

On March 18, 2008, this Court granted in part and dismissed in part the Corrections Defendants' motion to dismiss. (Rec. Doc. No. 14). We allowed the complaint against the Corrections Defendants to proceed concerning "any claim that they were responsible for the implementation of a policy or custom which violated Plaintiff's right to privacy." (Id. at 14). In addition, we also held in abeyance the question as to whether we would exercise pendant jurisdiction over Betrand's surviving state law negligence claims against defendants Jones and

Malewski.  Id.

On March 20, 2008, this Court granted in part and dismissed in part PHS's motion to dismiss.  (Rec. Doc. No. 15).  In this Court's order, we allowed to proceed Betrand's "claim that [PHS] implemented a policy or custom which violated Plaintiff's right to privacy."  Id. at 12-13.  In addition, we held in abeyance the question as to whether we would exercise pendant jurisdiction over Betrand's state law claims.  Id. at 13.

On April 8, 2008, PHS filed an answer to Betrand's complaint.  (Rec. Doc. No. 16).  After granting the Corrections Defendants' motion for an enlargement of time (see Rec. Doc. No. 18), the Corrections Defendants filed their answer on May 2, 2008 (Rec. Doc. No. 19).

On May 16, 2008, this Court granted Corrections Defendants' motion to depose Betrand.  (Rec. Doc. No. 22).

The Corrections Defendants filed a motion for summary judgment on February 6, 2009.  (Rec. Doc. No. 25).  With their motion, the Corrections Defendants also filed a brief in support and a statement of facts, pursuant to Local Rule 56.1.  (Rec. Doc. Nos. 26 and 27).  After this Court granted PHS an extension of time, PHS filed a motion for summary judgment on February 24, 2009.  (Rec. Doc. No. 31).  With its motion, PHS also filed a brief in support and a statement of

facts, pursuant to Local Rule 56.1. (Rec. Doc. Nos. 32 and 33).

Betrand, on March 27, 2009, filed an opposition brief. (Rec. Doc. No. 36). However, Betrand did not file a separate statement of facts in response to defendant PHS's statement of facts as required by Local Rule 56.1.

## III. Factual Background

Taken in a light most favorable to the non-moving party, plaintiff Betrand, the salient facts are as follows.[1] Plaintiff Betrand was transferred to SCI Frackville in August 2005. At that time, because of his having diabetes, Betrand was required to take two injections of insulin every day, one in the morning and one in the afternoon. In addition, Betrand would also have his blood sugar levels tested. A nurse employed by the DOC was in charge of administering the injections. The system for administering these injections formed the basis of Betrand's complaint that his right to privacy was violated. (Rec. Doc. No. 33 at 2).

---

[1] Pursuant to M.D. Pa. L.R. 56.1, the moving party is required to file a statement of material facts in support of the motion for summary judgment, and the non-moving party is required to file the required separate statement of facts. Both parties are required to "include references to the parts of the record that support the statements." While PHS has filed the requisite statement of facts, see Rec. Doc. No. 33, the plaintiff has failed to file a responsive statement of facts to defendant PHS's statement. Even if plaintiff's brief could be construed as a statement of facts, see Rec. Doc. No. 35, his brief is "replete with unsupported factual assertions"; therefore, we will adopt all of defendant PHS's facts not clearly disputed by plaintiff with adequate references to the record. See United States ex rel. Stephen Paranich, D.C. v. Deborah Sorgnard, et. al., 286 F. Supp. 2d 445, 447 n.3 (M.D. Pa. 2003), aff'd, 396 F.3d 326 (3d Cir. 2005).

4

On November 13, 2005, Betrand filed a grievance regarding the manner in which the insulin shots were administered at SCI Frackville. Betrand complained that the way in which insulin shots were administered constituted "a gross disregard of [his] right 'to medical privacy'" in light of the fact that security officers stood in the examination room and that the shots were given in the hospital lobby. Id. at 2-3. Although Betrand is of the opinion that other inmates at SCI Frackville shunned him because of the injections he received, no inmate ever informed him that this was in fact the case. Id. at 5. On November 21, 2005, B.L. Tritt, the grievance officer at SCI Frackville, denied Betrand's grievance. Id. at 3.

Betrand then filed an appeal, on November 24, 2005, with the Superintendent at SCI Frackville, Robert Shannon. In his appeal, Betrand claimed that SCI Frackville's "policy and regulations are unconstitutional and harmful," and that Betrand's "privacy rights were invaded," as other prisoners knew of his insulin shots. Id. Shannon denied Betrand's appeal on November 30, 2005. Id. at 3-4.

There is no evidence that Betrand filed a final appeal of his initial grievance. In fact, on March 10, 2006, Sharon Burks, Chief Grievance Coordinator, informed Betrand that her "office had no prior record of receipt of an appeal from [him]" concerning his initial grievance. Id.

5

Because of his diabetes, Betrand has continually been treated by prison staff since September 2005. On November 13, 2006, Betrand's insulin injections ceased and he began to receive his medication in pill form. See id. at 4. All injections that Betrand did receive were administered by the SCI Frackville nursing staff. Id. at 5. No PHS employees ever gave Betrand an insulin shot, and PHS does not have any policies or procedures that provided for administering insulin shots in the hospital lobby at SCI Frackville. Id. In fact, Nurse Donna Jones, a DOC employee, decided that insulin shots should be given in the hospital lobby at SCI Frackville. Neither PHS nor its employees controls how nursing staff at SCI Frackville provide inmates with medication or directs, orders, or oversees the manner in which inmates are provided with their medication. See id. at 6.

**IV. Motion for Summary Judgment Standard of Review**

Summary judgment is appropriate when 1) there are no material facts in dispute; and 2) one party is entitled to judgment as a matter of law. See Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252 (3d Cir. 1990) (citing Fed. R. Civ. Pro. 56(c)).

A district court may properly grant a motion for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is

6

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted). To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show "'that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that an issue of material fact remains. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather, the party must point to specific evidence in the record that creates a genuine issue as to a material fact. Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## V. Discussion

### 1. Betrand's Federal Law Claims

PHS makes two arguments to support its claim that it is entitled to summary judgment on Betrand's federal law claims. First, PHS argues that Betrand should be barred from continuing with his claim before this Court because he has failed to exhaust his administrative remedies. Second, PHS argues that summary judgment is also proper because Betrand has not provided this Court with sufficient evidence to support the claim that PHS has a policy or custom allowing him to receive insulin shots in the hospital lobby at SCI Frackville.

### A. Failure to Exhaust Administrative Remedies

With regard to actions brought under either the United States Constitution or

any federal law, Congress has required that:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal Law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Supreme Court has noted that "exhaustion is now required for all 'actions . . . brought with respect to prison conditions,' whether under § 1983 or 'any other Federal law.'" Porter v. Nussle, 534 U.S. 516, 525 (2002) (quoting 42 U.S.C. § 1997e(a)). In addition, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory. Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). A prisoner must exhaust all remedies that are available. See id.

At the time of the allegations contained in Betrand's complaint, the DOC had a three-level system for dealing with prisoner grievances pursuant to DC-ADM 804. First, a prisoner with a complaint or grievance was entitled to file an initial review. Second, a prisoner was entitled to file an appeal with a facility manager. Third, a prisoner was entitled to file a final appeal with the Office of Inmate Grievances and Appeals.

Betrand has failed to exhaust the remedies made available to him pursuant to § 1997e(a). Betrand filed an initial grievance on November 13, 2005, which was denied. Next, Betrand filed an appeal from the initial review with the SCI

Frackville Superintendent, but this appeal was denied. There is no evidence that Betrand filed the required second appeal with the Office of Inmate Grievances and Appeals. Therefore, Betrand has failed to exhaust the administrative remedies available to him in contravention with those requirements found in § 1997e(a).

In light of the above, summary judgment in favor of PHS as to all of Betrand's constitutional and federal law claims is granted.

### B. Evidence of a PHS Policy or Practice

A private corporation may be held liable under § 1983 "if it knew of and acquiesced in the deprivation of" an individual's rights while acting under the color of state law. Winslow v. Prison Health Services, 2008 WL 4722505, at *5 (M.D. Pa. 2008) (citing Miller v. City of Philadelphia, 1996 WL 683827, at *3-4 (E.D. Pa. 1996); Monell v. New York City Dep't of Sec. Serv., 436 U.S. 658, 694-95 (1978)). For corporate liability to attach, the plaintiff is required to show that the corporation "established and maintained a policy, practice or custom which directly caused [the plaintiff's] constitutional harm" and that the corporation acted "with deliberate indifference to the consequences." Id. (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)).

Betrand has failed to dispute PHS's statements of material fact that (1) all injections he received were administered by the SCI Frackville nursing staff; (2)

10

PHS does not have any policy or procedure providing for the administration of insulin shots in the hospital lobby at SCI Frackville; (3) Nurse Donna Jones, a DOC employee, in fact decided that insulin shots should be given in the hospital lobby; and (4) neither PHS nor its employees controls, directs, orders, or oversees the manner in which inmates are provided with their medication. In consideration of these undisputed facts, PHS, as the moving party, has met its burden of showing an absence of a genuine issue of material fact. Also, Betrand has failed to offer any evidence that an issue of material fact remains; he has conceded that PHS was not in any way involved with, and did not have a policy or procedure relating to, the provision of insulin shots in the hosptial lobby. Therefore, even if Betrand had exhausted his administrative remedies, there exists an absence of a genuine issue of material fact, and PHS is entitled to judgment as a matter of law.

In light of the forgoing, we will grant PHS's Motion for Summary Judgment to the extent that Betrand's claims are based on § 1983 and the First, Eighth, and Fourteenth Amendments.

## 2. Betrand's Pendent State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim" if, inter alia, "the district court has dismissed all claims over which it has original jurisdiction . . . ." This decision

concerning the exercise of supplemental jurisdiction is left to the sound discretion of the district court. See Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966)). In addition, when the claim is dismissed by the district court prior to trial pursuant to a provision such as § 1367(c)(3), "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Id. (citing Lovell Mfg. v. Export-Import Bank of the United States, 843 F.2d 725, 732 (3d Cir. 1988); Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1284 (3d Cir. 1993)). The Third Circuit has also noted that a district court should decline jurisdiction over such claims "where the federal claims are no longer viable, absent extraordinary circumstances." Shaffer v. Board of Sch. Directors of Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (citing Weaver v. Marine Bank, 683 F.2d 744, 746 (3d Cir. 1982) (internal quotations omitted)).

In the instant case, neither judicial economy, convenience, nor fairness to the parties militates in favor of this Court's exercising supplemental jurisdiction over Betrand's pendent state law claims. While a number of discovery motions have been filed, trial has not been scheduled. In addition, the convenience of the parties would not be compromised by a dismissal and remand of the state law claims to the

Court of Common Pleas of Schuylkill County.  The principle of comity in fact supports the conclusion that a state court should decide Betrand's state law claims. BLACK'S LAW DICTIONARY, 303-304 (Bryan A. Garner, ed., West Group 2009). Finally, Betrand has not made any showing that there are extraordinary circumstances making the exercise of jurisdiction over his remaining state law claims by this Court proper.

In light of the forgoing, we will dismiss Betrand's remaining state law claims and remand such claims to the Court of Common Pleas of Schuylkill County.

## VI.  Conclusion

For all of the foregoing reasons, PHS's Motion for Summary Judgment will be granted as to Betrand's federal law claims, and we will dismiss and remand his remaining state law claims to the Court of Common Pleas of Schuylkill County.

       s/ James F. McClure, Jr.  
       James F. McClure, Jr.  
       United States District Judge

IN THE UNITED STATES DISTRICT COURT  
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE BETRAND    :

|  | : |  |
|---|---|---|
| Plaintiff, | : |  |
|  | : | No. 4:CV-07-0859 |
| v. | : |  |
|  | : | (Judge McClure) |
| DEPARTMENT OF CORRECTIONS, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

# ORDER

October 6, 2009

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The Motion for Summary Judgment of defendant PHS is GRANTED with respect to all of plaintiff Betrand's claims except his state law claims. (Rec. Doc. No. 31).

2. Plaintiff's remaining state law claims are DISMISSED and REMANDED, without prejudice, to the Court of Common Pleas of Schuylkill County such that plaintiff may pursue his claims in state court in accordance with 28 U.S.C. § 1367(d).

3. Final judgment is entered in favor of defendant PHS and against

plaintiff.

    4. The clerk is directed to close the case file.


                                                 s/ James F. McClure, Jr.
                                            James F. McClure, Jr.
                                            United States District Judge